UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TRISTAN POPE,<br><br>                Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY JAIL,<br><br>                Defendant. | 5:19-CV-05007-JLV<br><br>ORDER GRANTING<br>*IN FORMA PAUPERIS* STATUS<br>AND DISMISSING CASE |

Plaintiff Tristan Pope, appearing *pro se*, filed a complaint against the Pennington County Jail. (Docket 1). Mr. Pope also filed a motion to proceed *in forma pauperis* and a supporting affidavit. (Docket 2 & 3). Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed in forma pauperis. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Pope provided a copy of his prisoner trust account report. (Docket 3). The report shows an average monthly deposit since he arrived at the institution at which he is currently incarcerated of $0, an average monthly balance of $0, and a current balance of $0. Id. Based on this information, the court grants Mr. Pope leave to proceed *in forma pauperis*. These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Pope is proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

Mr. Pope names the Pennington County Jail as the defendant in this case. "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Mr. Pope's claims against the Pennington County Jail must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

Based on the above analysis, it is

ORDERED that Mr. Pope's motion to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Pope shall, whenever the amount in Mr. Pope's trust account exceeds $10, forward monthly payments that equal 20

percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) Mr. Pope's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Dated August 5, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE